IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JACQUELYN MONNIN**<br>4657 N. High St<br>Columbus, Ohio 43214 | CASE NO.<br><br>JUDGE |
| Plaintiff, | MAGISTRATE |
| v. | |
| **JAVITCH BLOCK LLC**<br>fdba **JAVITCH BLOCK &**<br>**RATHBONE LLP**<br>c/o Theodore Konstatinopoulos, Agent<br>1100 Superior Ave, 19th Floor<br>Cleveland, OH 44114 | COMPLAINT FOR VIOLATIONS OF<br>THE FAIR DEBT COLLECTION<br>PRACTICES ACT AND THE OHIO<br>CONSUMER SALES PRACTICES ACT |
| Defendant. | JURY DEMAND ENDORSED<br>HEREON |

Now comes Jacquelyn Monnin, by and through counsel, and hereby states for her Complaint against Defendant Javitch Block LLC as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      This action arises, *inter alia*, out of violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, committed by Defendants Javitch Block LLC ("Javitch").

2.      This court has jurisdiction over this matter pursuant to 15 U.S.C. §§ 1692k(d) and 28 U.S.C. §§ 1331, as well as pursuant to 28 U.S.C. § 1367 for pertinent state law claims.

3.      Plaintiff Jacquelyn Monnin is a natural person and was, at all times relevant, a resident of Columbus, Ohio.

1

4.     Defendant Javitch is a law firm engaged in the practice of collection of consumer debt and is a debt collector as the term is defined in the FDCPA.

5.     Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391 as the incidents, events, or omissions complained of and giving rise to the instant claim or controversy occurred within this district.

## STATEMENT OF FACTS

6.     Javitch initiated two separate legal proceedings to collect a debt against Plaintiff, Jacquelyn Monnin in Portage County, a county in which she did not reside, and where the credit agreements at issue were not signed.

7.     Javitch improperly served the summonses and complaints to a large residence hall on the campus of Kent State University, where Plaintiff did not reside.

8.     Javitch moved for default judgment without notice to Plaintiff, even though the proof of service for each of three service attempts indicated that the documents were signed for by individuals other than Plaintiff.

9.     Upon obtaining default judgment without notice to Plaintiff, Javitch sought and obtained an order to garnish Plaintiff's wages in Franklin County.

### *Background*

10.     In 2005 and 2006, Plaintiff was enrolled as a college student at Miami University in Oxford Ohio.

11.     To finance her education, on June 9, 2005, Plaintiff applied for private student loan from JP Morgan Chase Bank NA in the amount of $17,000.

12.     The following year, on July 6, 2006, Plaintiff applied for a second private student loan from JP Morgan Chase Bank NA in the amount of $16,000.

13.     Both credit agreements provided that "this Credit Agreement will not be governed by Article 3 of the Uniform Commercial Code, and any obligations under this Credit Agreement will not be subject to, but any transfer of my obligations will be subject to, Article 9 of the Uniform Commercial Code."

14.     Plaintiff briefly resided in Portage County at Wright Hall, a large residence hall on the campus of Kent State University located at 1475 Leebrick Dr., in Kent Ohio.

15.     In March 2015, Plaintiff moved to Columbus, Ohio, where she has continued to reside.

### Portage County lawsuits

16.     On October 14, 2015, Javitch filed a lawsuit against Plaintiff in the Portage County Court of Common Pleas, Case No. 2015-CV-00812, on behalf of National Collegiate Student Loan Trust 2005-3 (NCSLT 2005-3), seeking to enforce the 2005 credit application.  (See NCSLT 2005-3 Complaint, attached hereto as Exhibit 1.)

17.     In paragraph 1 of its complaint, Javitch alleged that NCSLT 2005-3 "is the holder of a Promissory Note(s) executed by the Defendant on June 9, 2005.  A copy of the said Promissory Note(s) is attached hereto and incorporated herein as "Exhibit A".  (*Id.*)

18.     Javitch attached only the first page of the five page credit agreement to its complaint, choosing to omit the remaining four pages detailing the loan application terms.

19.     Javitch further alleged in paragraph 2 of its complaint that NCLST 2005-3 was owed "$25,457.19 plus accrued interest of $2,591.78 for a total of $28,048.97." (*Id.*)

20.     On January 12, 2016, Javitch filed a second lawsuit against Plaintiff in the Portage County Court of Common Pleas, Case No. 2016-CV-00025, on behalf of National Collegiate Student Loan Trust 2006-3 (NCSLT 2006-3), seeking to enforce the 2006 credit application.  (See NCSLT 2006-3 Complaint, attached hereto as Exhibit 2.)

21.     In paragraph 1 of its complaint, Javitch alleged that NCSLT 2006-3 "is the holder of a Promissory Note(s) executed by the Defendant on July 6, 2006.  A copy of the said Promissory Note(s) is attached hereto and incorporated herein as "Exhibit A". (*Id.*)

22.     Javitch attached only the first page of the five page credit agreement to its complaint, choosing to omit the remaining four pages detailing the loan application terms.

23.     Javitch further alleged in paragraph 2 of its complaint that NCLST 2006-3 was owed "$24,542.47 plus accrued interest of $3,379.69 for a total of $27,922.16." (*Id.*)

*Improper Service*

24.    In both cases, Javitch requested service on Plaintiff via the U.S. Postal Service at the address 1475 Leebrick Dr., in Kent Ohio.

25.    This address at which Javitch sought to serve Plaintiff is a nine story dormitory located on the campus of Kent State University known as Wright Hall, and housing approximately 500 students.

26.    Plaintiff had briefly resided at Wright Hall, but moved to Columbus, Ohio in March 2015, seven months before Javitch commenced its collections action.

27.    On October 19, 2015, in the NCSLT 2005-3 case, the docket reflects that the summons and complaint were signed for by one Lindsay Schmaler, not Jacquelyn Monnin.

28.    On December 7, 2015, Javitch filed a motion for default judgment against Plaintiff in the NCSLT 2005-3 case.

29.    In its motion for default judgment, Javitch stated that "[o]n October 19, 2015, Service of Process was obtained on Defendant(s).  Defendant(s) therefore failed to plead or otherwise defend as provided by the Rules of Civil Procedure.  Plaintiff, therefore, is entitled to recover a Default Judgment against the Defendant(s)."

30.    Javitch's certificate of service for the default judgment motion indicates that the motion was served by ordinary mail to Plaintiff at Wright Hall.

31. On January 14, 2016, in the NCSLT 2005-3 case, Javitch requested a second attempt at service to the same address, and a delivery confirmation was subsequently filed with the court indicating that the shipment was signed for by one Frank Brown, not Jacquelyn Monnin.

32. On January 19, 2016, in the 2006-3 case, the docket reflects that the summons and complaint were signed for by was signed for by one Brett Edmonds, not Jacquelyn Monnin.

33. On March 14, 2016, Plaintiff moved for default judgment in the 2006-3 case, again stating that "Service of Process was obtained on Defendant(s). Defendant(s) therefore failed to plead or otherwise defend as provided by the Rules of Civil Procedure. Plaintiff, therefore, is entitled to recover a Default Judgment against the Defendant(s)."

34. On April 4, 2016, Javitch filed a second motion for default judgment in the NCSLT 2005-3 case, which was granted on May 6, 2016.

35. On June 3, 2016, the court issued a default judgment in favor of NCSLT 2006-3.

36. On July 6, 2016, Javitch filed for a praecipe for a certificate of judgment lien in NCSLT 2005-3.

37. On July 12, 2016, in NCSLT 2005-3, Javitch filed an affidavit for garnishment of Plaintiff's wages from her employer, the Ohio State University, located in Franklin County.

38.     On July 15, 2016, Javitch filed a praecipe for a certificate of judgment lien in NCSLT 2006-3.

39.     Beginning in September 2016 and continuing through December 2016, Plaintiff's wages were garnished by Javitch.

40.     Defendant Jacquelyn Monnin resided in Franklin County, not Portage County, from March 2015 through the present.

41.     In both cases, Plaintiff was never served with a complaint, a motion for default judgment, or any other document in the case.

42.     In October 2016, after her wages were garnished, Plaintiff obtained legal counsel to challenge the judgments obtained by Javitch without notice to Plaintiff and in an improper venue.

43.     On October 13, 2016, Plaintiff filed motions to vacate the judgments for lack of proper service and venue.

44.     Javitch filed no response to the motions to vacate judgment, nor did it take steps to stop the garnishment proceedings.

45.     On November 6, 2016, Plaintiff's wages were garnished again.

46.     On November 17, 2016, Plaintiff filed motions to stay execution of judgment while the motion to vacate judgment remained pending in both cases.

47.     On November 23, 2016, the court in NCSLT 2005-3 granted Plaintiff's motion to stay execution of judgment, vacated the judgment, ordered the disbursement of the wages garnished to Plaintiff, and dismissed the case.

7

48.    On November 28, 2016, the court in NCSLT 2006-3 granted Plaintiff's motion to vacate the judgement and dismiss the case.

49.    On December 6, 2016, the court in NCSLT 2005-3 disbursed part of the garnished funds to Plaintiff, but assessed court costs and fees to Plaintiff which were subtracted from the fees returned.

50.    On December 6, 2016, Plaintiff's December wages were again garnished by her employer and deposited with the court, which continues to retain the funds.

51.    The conduct of Javitch in initiating and pursuing litigation against Plaintiff without proper notice and in an improper venue caused Plaintiff harm, and required her to hire legal counsel to vacate the judgment and challenge the wage garnishment.

52.    Upon information and belief, Javitch was aware that Plaintiff resided in Franklin County, not Portage County, during the pendency of the lawsuit.

53.    Javitch received notice that the summons and complaint were signed for by parties other than Plaintiff at the address Javitch designated for service.

54.    Within six weeks of obtaining default judgments against Plaintiff in Portage County, Javitch moved to garnish Plaintiff's wages in Franklin County, which is approximately 140 miles away from Portage County.

## COUNT ONE:
## VIOLATIONS OF THE FDCPA
## (15 U.S.C. § 1692, *ET SEQ.*)

55.     Plaintiff restates and incorporates each of her allegations contained in the preceding paragraphs as if fully rewritten herein.

56.     Plaintiff is a consumer as defined in 15 U.S.C. § 1692(a)(1).

57.     The June 9 2005 and July 6, 2006 credit agreements are debts, as defined in 15 U.S.C. § 1692(a)(5).

58.     Defendant Javitch is a debt collector as the term is defined in 15 U.S.C. § 1692(a)(6).

59.     The acts of Defendant Javitch in attempting to collect the debts at issue constitute violations of the FDCPA, including, but not limited to the following sections:

A) § 1692i(a)(2)—Bringing a legal action in a venue in which the consumer does not reside and where the contract was not signed;

B) § 1692(d)—Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person;

C) § 1692(e)—Making any false, deceptive, or misleading representation or means in connection with the debt collection;

D) § 1692(e)(2)—Misrepresenting the character, amount, or legal status of the alleged debt;

E) § 1692(f)—Engaging in any unfair or unconscionable means to collect or attempt to collect the alleged debt; and,

F) § 1692(f)(1)—Engaging in an attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

60.     As a consequence of Defendant's conduct, Plaintiff experienced great mental distress.

61.    As a consequence of Defendant's conduct, Plaintiff's wages were wrongfully garnished.

62.    As a consequence of Defendant's conduct, Plaintiff was required to retain legal counsel to vacate the wrongfully obtained judgment in an improper venue.

63.    Plaintiff was harmed by and through the aforementioned violations committed by Javitch, and is entitled to statutory damages, actual damages, and attorneys' fees and costs pursuant to 15 U.S.C. § 1692(k)(a).

## COUNT TWO:
## VIOLATION OF CSPA
## (O.R.C. § 1345.01, *ET SEQ.*)

64.    Plaintiff restates and incorporates each of her allegations contained in the preceding paragraphs as if fully rewritten herein.

65.    The improper, illegal, and abusive debt collection practices of Javitch in violation of the FDCPA also constitute unfair and deceptive practices in violation of the Ohio Consumer Sales Practices Act.

66.    Defendant Javitch violated R.C. § 1345.02(A) and (B)(10) by pursuing legal claims against Plaintiff in a venue in which she did not reside and did not sign the contracts at issue.

67.    Defendant Javitch violated R.C. § 1345.02(A) and (B)(10) by obtaining and collecting on default judgments through improper service of process at an address at which Javitch knew or should have known Plaintiff did not reside.

68. Defendant Javitch violated R.C. § 1345.02(A) and (B)(10) by making a false representation that Plaintiff owed a legal obligation to NCSLT 2006-3 and NCSLT 2005-3 respectively.

69. As a consequence of Defendant's conduct, Plaintiff experienced great mental distress.

70. As a consequence of Defendant's conduct, Plaintiff's wages were wrongfully garnished.

71. As a consequence of Defendant's conduct, Plaintiff was required to retain legal counsel to vacate the wrongfully obtained judgment in an improper venue.

72. Plaintiff is entitled to treble damages and non-economic damages including damages for legal fees to defend the collections actions and compensation for mental anguish in the amount of $5,000.00.

73. Defendants' violations are known violations of the OCSPA and therefore entitle the Plaintiff to reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Jacquelyn Monnin prays that this Court enter its order granting judgment in her favor for the following:

A) For actual damages in an amount to be determined at trial as to Count One and Two;

B) For treble damages for Count Two;

C) For statutory and punitive damages in an amount to be determined at trial;

D)  For costs, and reasonable attorneys' fees; and

E)  Such other relief which this Court may deem appropriate.

Respectfully submitted:

/s/ Emily White
Emily White  (0085662)
Marc E. Dann (0039425)
Brian D. Flick (0081605)
The Dann Law Firm Co., LPA
PO Box 6031040
Cleveland, OH 44103
216/373-0539
216/373-0536 – fax
notices@dannlaw.com
**Attorneys for Plaintiff**

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/ Emily White
Emily White  (0085662)
Marc E. Dann (0039425)
Brian D. Flick (0081605)
The Dann Law Firm Co., LPA